UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEANE HERRERA

        Plaintiff,

v.

FS INVESTMENTS OF AMERICA INC.,
d/b/a POWERHOUSE AUTOMOTIVE and
FRANKLYN STRUBERG, individually,

        Defendants.

Case No. 8:20-cv-02465-CEH-JSS

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, GEANE HERRERA ("Plaintiff"), and Defendants, FS INVESTMENTS OF AMERICA INC. d/b/a POWERHOUSE AUTOMOTIVE and FRANKLYN STRUBERG ("Defendants") (collectively "the Parties"), jointly request that this Court approve the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between Plaintiff and Defendants is attached as **Exhibit "A".**

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the

settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, coverage, exemption from FLSA and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based

upon their independent calculations. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

### II.     Terms of Settlement

This case involved, a claim for unpaid minimum wages and retaliation, an arose from Defendants alleged failure to pay Plaintiff commissions on sold vehicles  Defendants maintain, however, that Plaintiff worked for Defendants as an independent contractor, and therefore, he is not entitled to the minimum wages guaranteed by the FLSA.  The Parties had several discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and records.  Given the Parties' respective positions on the issue of damages and Defendant position that Plaintiff is an independent contractor, the Parties agree that they would incur great expense litigating these issues.  Given the amount claimed, and the possibility of the Plaintiff recovering nothing the Parties agree that $6,500.00 to Plaintiff is a fair compromise.  As a result, the settlement agreed upon in this matter – total payment of $6,500.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $1,000.00 as payment for alleged unpaid wages to Plaintiff;

b. $1,000.00 as liquidated damages to Plaintiff;

c. $685.90 payable to Plaintiff's counsel as advanced costs and filing fees to file the instant lawsuit;

d. $3,814.10 payable to Plaintiff's counsel as attorney's fees.

This result compensates Plaintiff for all alleged unpaid commissions.  Plaintiff counsel stipulates that the attorney's fees and costs have been negotiated and will be paid separately from

Plaintiff's recovery.  Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf.  The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement, and in fact, Plaintiff has indicated a strong desire to resolve this issue and concentrate his efforts on his new employment without the distraction of pending litigation and its attendant obligations.  Moreover, the Agreement guarantees Plaintiff payment before the upcoming holidays, pending the Court's approval of the Settlement. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

**III**.     **Conclusion**

For all the foregoing reasons, the Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice, while reserving jurisdiction for thirty days to enforce the terms of the Settlement in the unlikely event that becomes necessary.

Respectfully submitted,

| **s/ Julisse Jimenez**<br>Julisse Jimenez<br>(FBN: 65387)<br>E-mail: Julisse@saenzanderson.com<br>1111 Brickell Avenue Suite 1550<br>Miami, FL 3313<br>*Counsel for Defendants* | **s/MIGUEL BOUSAS ESQ.**<br>Miguel Bousas, ESQ.<br>(FBN: 48943)<br>E-Mail: miguel@fgbolaw.com<br>16524 Pointe Village Drive, Suite 100<br>Lutz, FL 33558<br>*Counsel for Plaintiff* |
|---|---|

# Exhibit "A"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, Geane Herrera ("Plaintiff") and the Defendants, FS Investments of America Inc. d/b/a Powerhouse Automotive and Franklyn Struberg (the "Defendants").

### Section I – General Recitals & Representations

**1.1** Plaintiff has filed a lawsuit against the Defendants in the United States Middle District of Florida alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"); Herrera v. FS Investments of America Inc. d/b/a Powerhouse Automotive and Franklyn Struberg, Case No. 8:20-cv-02465-CEH-JSS.

**1.2** Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1** **Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendants and Defendants predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants (including his termination of employment from Defendants) that he may now have against Defendants regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendants or any of Defendants' employees, agents or representatives. Plaintiff expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination,

_GH_
Plaintiff                                                                                                                  Defendant(s)

retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants.* Notwithstanding the above, Plaintiff acknowledges that he is not releasing: any claim that relates to any rights he might have to file a claim for unemployment compensation or workers' compensation benefits or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

    **2.2** **Dismissal of Claims / Court Approval.** This settlement shall be summited to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

    **2.3** **Payment of Consideration by Defendants.** In exchange for: (1) Plaintiff's release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiff has made herein (including, but not limited to, those relating to confidentiality), Defendants agree to pay the collective total gross settlement value of Six Thousand Five Hundred and Dollars ($6,500.00) inclusive of attorneys' fees and costs. Plaintiff shall be responsible for his tax obligations, if any. The settlement value, which resolves all of Plaintiff's claims, including for attorneys' fees, shall be paid as follows:

    a. $2,000.00 to Geane Herrera via 1099. (broken down as follows: $1,000.00 as unpaid wages, $1,000 as liquidated damages);

    b. $3,814.10 to Florin Gray Bouzas Owens, LLC via 1099 attorneys as reasonable attorney's fees); and

    c. $685.90 to Florin Gray Bouzas Owens, LLC via 1099 as court costs incurred to date.

    All payments shall be made via wire transfer or certified check and shall be made payable to Florin Gray Bouzas Owens, LLC, Trust Account, within seven days of obtaining court approval.

    Failure to make any of the payments contemplated herein shall entitle Herrera to either reinstate his claims against Defendants or move to enforce, at his discretion.

    **2.4** **Time to Sign Settlement Agreement:** The Parties agree to draft, negotiate, fully execute and file with this Court the instant Agreement within Five (5) business days from December 7, 2020.

    **2.5** **Consideration is Adequate, Ample and All Inclusive:** Plaintiff specifically agrees that the sums paid to him under this Agreement constitute adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon him by this Agreement.

*GH*
_____
Plaintiff

_____
Defendant(s)

## Section III – Confidentiality & No Disparagement

**3.1** **Confidentiality.** Despite the fact that this Agreement may be made part of the Court record, Plaintiff agrees and understands that the circumstances surrounding this lawsuit, his employment with Defendants, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, Plaintiff promises that he will not disclose the fact of or terms of this Agreement to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. Plaintiff agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom he chooses to consult regarding the execution of this Agreement.

**3.2** **No Disparagement (mutual).** The Parties agree not to disparage each other, or their agents and representatives to any person or entity.

## Section IV – General Provisions

**4.1** **Encouragement to Consult Attorney and Time to Consider Agreement.** Plaintiff acknowledges that he was encouraged to consult an attorney before signing this Agreement. Plaintiff acknowledges that he has consulted an attorney before signing this Agreement. Plaintiff also acknowledges that he was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he understands each term of the Agreement and his obligations hereunder.

**4.2** **Neutral Employment References.** Defendants, upon request of a potential employer, will simply confirm dates of employment and position for Plaintiff.

**4.3** **Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4** **Amendment.** This Agreement may not be amended except by written agreement signed by Defendants and Plaintiff.

**4.5** **Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6** **Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a

_GH_
Plaintiff                                                                                                           Defendant(s)

collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.7   Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

### Section V – Representations & Warranties

**5.1   Capacity of the Parties.** Plaintiff represents and warrants to Defendants that he has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

**5.2   Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3   Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4   Attorney's Fees.** In any litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to the Parties.

| Geane Herrera<br><br>By: _[signed]_<br>Dated: 12-10-20 | FS Investments of America Inc. d/b/a<br>Powerhouse Automotive<br>By: _____<br>Name: _____<br>Position: _____<br>Dated: _____<br><br>Franklyn Struberg<br><br>By: _____<br>Dated: _____ |

_GH_
Plaintiff

_____
Defendant(s)

collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.7** **Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

### Section V – Representations & Warranties

**5.1** **Capacity of the Parties.** Plaintiff represents and warrants to Defendants that he has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

**5.2** **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3** **Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4** **Attorney's Fees.** In any litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to the Parties.

| Geane Herrera<br><br>By:_____<br>Dated:_____ | FS Investments of America Inc. d/b/a<br>Powerhouse Automotive<br>By: _[signature]_<br>Name: Franklyn Strusberg<br>Position: Owner<br>Dated: 12-15-2020<br><br>Franklyn Struberg<br><br>By: _[signature]_<br>Dated: 12-15-2020 |

Plaintiff                                                                                                                          Defendant(s)