UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEANE HERRERA,

     Plaintiff,

v.                                Case No: 8:20-cv-2465-CEH-JSS

FS INVESTMENTS OF AMERICA,
INC. and FRANKLYN STRUBERG,

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the parties' Joint Motion for Approval of FLSA Settlement ("Motion") (Dkt. 16).  On October 22, 2020, Plaintiff filed her Complaint against Defendant, alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (Dkt. 1.)  On December 15, 2020, the parties filed their Motion and attached their Settlement Agreement and General Release ("Settlement Agreement") for the Court's review.  (Dkt. 16.)  After reviewing the Motion and the Settlement Agreement (Dkt. 11-1), the undersigned directs the parties to supplement their Motion to address several provisions contained in the Settlement Agreement.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for

fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1 ¶¶ 12–18.) Plaintiff alleges that he worked for Defendants from approximately June 2019 to September 25, 2020 and during that time worked overtime hours for which he was not paid. (Dkt. 1 at 8–9.) Defendants maintain, however, that Plaintiff worked as an independent contractor and therefore is not entitled to minimum wages guaranteed under the FLSA. (Dkt. 16 at 3.) The undersigned finds there to be a bona fide dispute.

Under the proposed Settlement Agreement, Defendants have agreed to pay Plaintiff $6,500.00, which represents $1,000.00 as payment for alleged unpaid wages, $1,000.00 as liquidated damages, $685.90 for costs advanced by Plaintiff's counsel, and $3,814.10 in attorney's fees and costs. (Dkt. 16 at 3.) The parties stipulate that

the terms of the Settlement Agreement are "fair and equitable under the teachings of *Lynn's Food Stores*." (Dkt. 16 at 3.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). However, if the matter of attorney's fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in *Bonetti*).

The parties included in the Settlement Agreement a general release and a mutual non-disparagement clause. (Dkt. 16 at 5, 7.) Courts in this district commonly reject proposed FLSA settlements that include general releases of any and all claims a plaintiff may have against a defendant. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348-53 (M.D. Fla. 2010) (finding that agreement that includes a non-cash concession by an employee affects both the fairness and full compensation component of a settlement and thus rejecting a proposed settlement agreement containing a "pervasive release"); *Owens v. SSRMI, LLC*, No. 516CV15OCPGBPRL, 2017 WL

- 3 -

2190646, at *2 (M.D. Fla. Apr. 28, 2017) ("[T]he unexplained inclusion of a general release in a FLSA settlement often results in a finding that the settlement is not fair and reasonable.").  However, "courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims." *Owens*, 2017 WL 2190646, at *2.  Here, because the Settlement Agreement does not recite whether the general release is supported by separate consideration, the Court is unable to determine whether the proposed FLSA settlement is fair and reasonable.

Similarly, the Settlement Agreement contains a non-disparagement clause. (Dkt. 16 at 7.)  "Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them." *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-CV-79-ORL-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014).  However, a number of cases have found such non-cash concessions enforceable where they are supported by additional consideration. *Id.* ("[A] number of cases have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims.").  In this case, the parties do not address whether the non-disparagement clause is supported by separate consideration.

The Court further notes that the Settlement Agreement contains a confidentiality provision.  (Dkt. 16 at 7.)  Numerous decisions in this district have rejected such provisions in the context of FLSA settlements. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject as

unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").  In addition, the parties filed the agreement itself in the public record as an exhibit to their motion, thereby potentially negating any confidentiality and rendering the provision unenforceable. *See, e.g.*, *Phipps v. W.W. Contractors, Inc.*, 3:12-cv-299-J-32JRK, 2015 WL 5897705, at 4 (M.D. Fla. Oct. 7, 2015) ("[T]he Settlement Agreement was filed in the public record so the confidentiality provision is effectively a nullity.").  Nonetheless, the Court acknowledges that courts have approved FLSA settlements containing confidentiality agreements where the settlement agreement recited that the confidentiality clause was supported by separate consideration.  *See Ramos v. Acute Patient Care, Inc.*, Case No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017) (recommending approval of settlement agreement providing separate consideration for general release, non-disparagement, and confidentiality provisions), *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. April 14, 2017); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement providing separate consideration for general release, non-disparagement, and confidentiality provisions).  Here, the parties have not recited whether the confidentiality provision is supported by separate consideration.

The Court also observes that the parties request that the Court retain jurisdiction for 30 days to enforce the settlement agreement.  (Dkt. 16 at 4.)  Courts in this district "routinely deny requests to retain jurisdiction to enforce the terms of an FLSA

settlement," particularly when there is no compelling justification. *Madison v. United Site Servs. of Fla., Inc.*, No. 6:16–cv–1991–Orl–41DCI, 2018 WL 2211419, at *3 (M.D. Fla. Apr. 18, 2018) (collecting cases). Thus, the undersigned cannot assure the parties that the Court will retain jurisdiction to enforce any disputes arising under the Settlement Agreement.

Lastly, the Court notes that the Settlement Agreement contains a severability provision under which the agreement may be enforced notwithstanding a court's determination that the provision is void. (Dkt. 16 at 7.) *See Viera v. FTS USA, LLC*, No. 6:14-cv-734-ORL-41GJK, 2018 WL 1139058, at *2 (M.D. Fla. Mar. 2, 2018) (striking confidentiality provision but approving settlement agreement); *Pariente v. CLC Resorts & Developments, Inc.*, No. 6:14-cv-615-ORL-37TBS, 2014 WL 6389756, at *2 (M.D. Fla. Now. 14, 2014) (approving parties' settlement agreement, subject to deletion of confidentiality provision). Thus, if necessary, the Court may strike from the Settlement Agreement any provisions that are void or unenforceable, including the general release, the non-disparagement clause, and the confidentiality agreement. *See, e.g.*, *Holley v. Sebek Kirkman LLC*, No. 615CV1626ORL40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016) ("[P]ursuant to the severability clause, the Court may strike the Plaintiff's general release, the confidentiality provision, and the mutual non-disparagement covenant from the Agreement without impacting the enforceability of the remainder of the Agreement."), *report and recommendation adopted*, No. 615CV1626ORL40GJK, 2016 WL 3231232 (M.D. Fla. June 13, 2016).

- 6 -

In sum, the Court is unable to recommend approval of the Settlement Agreement without also recommending that several unenforceable provisions be stricken. Accordingly, it is **ORDERED** that the parties shall supplement their Joint Motion for Approval of FLSA Settlement within 14 days to address whether the general release, non-disparagement clause, and confidentiality agreement are supported by separate consideration.

**DONE and ORDERED** in Tampa, Florida, on March 23, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record