**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GEANE HERRERA,**

    Plaintiff,                                      CASE NO.: 8:20-cv-2465-T-36JSS

v.

**FS INVESTMENTS OF AMERICA INC.,**
d/b/a **POWERHOUSE AUTOMOTIVE** and
**FRANKLYN STRUBERG, individually,**

    **Defendants.**
_____/

## JOINT SUPPLEMENT TO MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to the Court's March 23, 2021 Order (Dkt. 21), Plaintiff, GEANE HERRERA ("Plaintiff"), and Defendants, FS INVESTMENTS OF AMERICA INC. d/b/a POWERHOUSE AUTOMOTIVE and FRANKLYN STRUBERG ("Defendants") (collectively "the Parties"), jointly file this supplement to the Joint Motion for Approval of FLSA Settlement ("Motion") (Dkt. 16). The parties respectfully request that with this Supplement, the Court approve the terms of the Parties' settlement of this matter.

    **A.**    **The Parties Agree to Strike the General Release, Non-disparagement Clause, and Confidentiality Agreement**.

On December 15, 2020, the parties filed their Motion and attached their Settlement Agreement and General Release ("Settlement Agreement") for the Court's review. (Dkt. 16.). On March 23, 2021, the Court issued an Order expressing concern regarding the inclusion of a general release, non-disparagement clause, and confidentiality agreement in the settlement of this FLSA matter. (Dkt. 21). After mutual conferral, the parties have agreed to strike the general release, non-disparagement clause, and confidentiality agreement from the Settlement Agreement. The Parties

agreed that the Court's Order approving of the settlement with these clauses stricken shall be incorporated into and become part of the Settlement Agreement.

**B.    Conclusion**

For the foregoing reasons and the reasons presented in the Joint Motion for Approval of FLSA Settlement (Dkt. 16), the Parties jointly and respectfully request that this Court strike the general release, non-disparagement clause, and confidentiality agreement from the Settlement Agreement and otherwise approve the settlement between the Parties. While the parties of mindful that the Court is not obligated to, the parties respectfully ask that the Court retain jurisdiction for thirty days in the unlikely event that Court intervention becomes necessary.

Respectfully submitted,

| | |
|---|---|
| **s/ Julisse Jimenez**<br>Julisse Jimenez, Esq.<br>(FBN: 65387)<br>E-mail: Julisse@saenzanderson.com<br>1111 Brickell Avenue Suite 1550<br>Miami, FL 3313<br><br>*Counsel for Defendants* | **FLORIN GRAY BOUZAS OWENS, LLC**<br><br>*s/ Miguel Bouzas*<br>**MIGUEL BOUZAS, ESQUIRE**<br>Florida Bar No. 48943<br>Primary: miguel@fgbolaw.com<br>Secondary: gina@fgbolaw.com<br>16524 Pointe Village Drive, Suite 100<br>Lutz, FL 33558<br>Telephone (727) 254-5255<br>Facsimile (727) 483-7942<br><br>Attorneys for Plaintiff |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of April 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s Miguel Bouzas
Miguel Bouzas, Esq.