UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEANE HERRERA,

    Plaintiff,

v.                                                                                    Case No: 8:20-cv-2465-CEH-JSS

FS INVESTMENTS OF AMERICA,
INC. and FRANKLYN STRUBERG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Joint Motion for Approval of FLSA Settlement ("Motion") (Dkt. 16).  On October 22, 2020, Plaintiff filed her Complaint against Defendants, alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (Dkt. 1.)  On December 15, 2020, the parties filed their Motion and attached their Settlement Agreement and General Release ("Settlement Agreement") for the Court's review.  (Dkt. 16.)  On March 23, 2021, the Court directed the parties to supplement the Motion (Dkt. 22), and the parties filed their Joint Supplement on April 5, 2021.  (Dkt. 22.)  After reviewing the Motion and the Settlement Agreement along with the Joint Supplement, the undersigned recommends that the Settlement Agreement be approved in part, and the case be dismissed with prejudice.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1 ¶¶ 12–18.) Plaintiff alleges that he worked for Defendants from approximately June 2019 to September 25, 2020, and during that time worked overtime hours for which he was not paid. (Dkt. 1 at 8–9.) Defendants maintain, however, that Plaintiff worked as an independent contractor and therefore is not entitled to minimum wages guaranteed under the FLSA. (Dkt. 16 at 3.) The undersigned finds there to be a bona fide dispute.

Under the proposed Settlement Agreement, Defendants have agreed to pay Plaintiff $6,500.00, which represents $1,000.00 as payment for alleged unpaid wages, $1,000.00 as liquidated damages, $685.90 for costs advanced by Plaintiff's counsel, and $3,814.10 in attorney's fees and costs. (Dkt. 16 at 3.) The parties stipulate that the terms of the Settlement Agreement are "fair and equitable under the teachings of *Lynn's Food Stores*." (Dkt. 16 at 3.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). However, if the matter of attorney's fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in *Bonetti*).

Under the circumstances, the Court finds the agreed-upon attorney's fees and costs to be reasonable. The parties agree that the amount to be paid to Plaintiff's counsel is fair and reasonable and was "negotiated and will be paid separately from Plaintiff's recovery." (Dkt. 16 at 3–4.) This is sufficient to establish the reasonableness

of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to Plaintiff's counsel. *Bonetti*, 715 F. Supp. 2d at 1228. The Court, having reviewed the Settlement Agreement, concludes that the monetary terms of the proposed settlement are fair and reasonable.

The parties included in the Settlement Agreement a general release. (Dkt. 16 at 5.) General releases in FLSA cases require additional judicial scrutiny to ensure that the release is not a pervasive release "in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-orl-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014). Here, the Settlement Agreement contains no separate consideration for Plaintiff's general release, and the parties have not provided an explanation regarding how the general release affects the fairness of the Settlement Agreement. Thus, the Court is unable to evaluate the impact that the general release has on the fairness of the proposed settlement.

The parties also included in the Settlement Agreement a non-disparagement clause and a confidentiality agreement. (Dkt. 16 at 7.) Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Developments, Inc.*,

No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities); *see also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality and non-disparagement clauses. *See Housen v. Econosweep & Maintenance Services, Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority).

While such provisions have been approved when the plaintiff receives separate consideration, in this case there is no such consideration, and the undersigned finds that the confidentiality and non-disparagement clauses in this case would unduly thwart Congress's intent to ensure widespread compliance with the FLSA. *See Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co.*, LLC, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

However, while the general release, non-disparagement clause, and confidentiality agreement are unenforceable, these provisions do not preclude

- 5 -

approval of the Settlement Agreement.  The Settlement Agreement contains a severability provision under which the agreement may be enforced notwithstanding a court's determination that the provision is void. (Dkt. 16 at 7.) *See Viera v. FTS USA, LLC*, No. 6:14-cv-734-ORL-41GJK, 2018 WL 1139058, at *2 (M.D. Fla. Mar. 2, 2018) (striking confidentiality provision but approving settlement agreement); *Pariente v. CLC Resorts & Developments, Inc.*, No. 6:14-cv-615-ORL-37TBS, 2014 WL 6389756, at *2 (M.D. Fla. Now. 14, 2014) (approving parties' settlement agreement, subject to deletion of confidentiality provision).

In their Joint Supplement, the parties agree to strike the general release, non-disparagement clause, and confidentiality provision. (Dkt. 22 at 1–2.) Thus, pursuant to the severability clause, the Court may strike Plaintiff's general release (Dkt. 16 at 5–6), the confidentiality provision (Dkt. 16 at 7), and the non-disparagement clause (Dkt. at 7) from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (M.D. Fla. Oct. 24, 2014) (striking confidentiality clause pursuant to severability clause); *Holley v. Sebek Kirkman LLC*, No. 615CV1626ORL40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016) (striking general release, confidentiality provision, and mutual non-disparagement covenant from proposed FLSA settlement agreement), *report and recommendation adopted*, No. 615CV1626ORL40GJK, 2016 WL 3231232 (M.D. Fla. June 13, 2016).

Finally, the parties request that the Court retain jurisdiction for 30 days to enforce the settlement agreement. (Dkt. 16 at 4.) However, courts in this district "routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement," particularly when there is no compelling justification. *Madison v. United Site Servs. of Fla., Inc.*, No. 6:16–cv–1991–Orl–41DCI, 2018 WL 2211419, at *3 (M.D. Fla. Apr. 18, 2018) (collecting cases). Because the parties offer no compelling reason, it is recommended that the Court decline to retain jurisdiction over the Settlement Agreement. *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) (noting that "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction").

Accordingly, it is **RECOMMENDED** that:

1. The Joint Motion for Approval of FLSA Settlement (Dkt. 16) and Joint Supplement (Dkt. 22) be **GRANTED IN PART** and **DENIED IN PART** to the extent that:

    a. The FLSA Settlement and Release Agreement (Dkt. 16 at 5–9) be **APPROVED**, with the exception of the general release, confidentiality provision, and non-disparagement clause;

    b. The general release, confidentiality provision, and non-disparagement clause of the Settlement Agreement be **STRICKEN**; and

    c. Plaintiff's claims against Defendants be **DISMISSED** with prejudice.

2. The Motion for Approval of FLSA Settlement (Dkt. 16) be **DENIED IN PART** to the extent that it asks the Court to retain jurisdiction over the settlement agreement between Plaintiff and Defendants.

**IT IS SO REPORTED** in Tampa, Florida, on April 8, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record